## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| NATIONAL POSTAL MAILHANDLERS' UNION, LOCAL 301, AFL-CIO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil  No. 10-11276-RBC |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Respondent. | ) ) | |

_____  )

## U.S. POSTAL SERVICE'S OPPOSITION
## TO MOTION FOR JUDGMENT ON THE PLEADINGS

The United States Postal Service ("USPS") opposes the National Postal

Mailhandlers' Union, Local 301's ("Mailhandlers" or "NPMHU") Motion for Judgment

on the Pleadings to Compel Arbitration of a dispute regarding which of the two USPS

unions is entitled to process empty mail equipment at some local post offices.  The

Mailhandlers' Complaint alleges facts that, it submits, entitles it to judgment on the

pleadings. However, the Answer <u>denies</u> the facts alleged.  Moreover, even if the Answer

had not denied the facts alleged, the Complaint fails to allege all of the facts required for

this Court to grant the Mailhandlers' Motion.

The USPS concurs with the legal standard for judgment on the pleadings set forth

by the Memorandum of Law of National Postal Mailhandlers' Union, Local 301, AFL-

CIO in Support of its Fed. R. Civ. P. 12(c)  Motion for Judgment on the Pleadings to

1

Compel Arbitration ("Mailhandlers' mem.") at 4-5.  A motion for judgment on the

pleadings may be granted where the material facts are uncontested by the pleadings and

where those facts conclusively establish the movant's position.  <u>Rivera-Gomez v. de

Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988).  <u>Perez-Acevedo v. Rivero-Cubano</u>, 520 F.3d 26,

28 (1st Cir. 2008).  The facts contained in the pleadings must be viewed "in the light most

favorable to the nonmovant and draw all reasonable inferences therefrom. . . ."  <u>R.G. Fin

Corp. V. Vergara-Nunez</u>, 446 F.3d 178, 182 (1st Cir. 2006).

<b>FACTS OF THE CASE</b>

This is an action brought by the Mailhandlers to compel the USPS to refer a

dispute regarding which of the two USPS unions is entitled to perform the work of

"processing empty mail equipment" at a number of local post offices in the State of

Maine to a "tripartite" dispute resolution process known as the RI-399 process.[1]  At the

present time, processing the empty mail equipment at the local post offices in question is

done by USPS employees who are members of the American Postal Workers Union

("Clerks" or "APWU") and not the Mailhandlers.  There are no Mailhandlers employed at

the local post offices in question.  <u>See</u> Exhibit 2 to this Memorandum.

The task is simple:  mail arrives at each local post office in mail transportation

---

[1] The RI-399 process refers to Postal Service Regional Instruction 399, "Mail Processing Work Assignment Guidelines," issued February 16, 1979, attached as Exhibit 1 to this memorandum.

equipment ("MTE").[2]  The mail is removed from the MTE for sorting and delivery.   The

MTE is empty, and must be reused locally or returned to a central mail sorting facility so

that it is available for further shipments of mail to the local post office.  Clerks at the local

post office in question stack the empty containers and wrap them for shipment to a central

mail sorting facility.  The processing of MTE at the central facility is handled by the

Mailhandlers.

## "JURISDICTIONAL" PROCEDURES INVOKED BY THE MAILHANDLERS

In the context of this action, the term "jurisdiction dispute" refers to which of the

two USPS unions is entitled to do a certain type of mail processing work.  Jurisdictional

disputes between the two unions regarding which union performs which task are not

uncommon, as each union advocates for increased work for its members.  USPS, with the

two unions, has instituted a procedure for settlement of certain of such disputes.  USPS, in

1979, issued "Mail Processing Work Assignment Guidelines" ("RI-399"), the purpose of

which was to "provide primary craft designations relative to the performance of specific

mail processing work functions."  See Exhibit 1 to this memorandum, the RI-399.[3]  These

guidelines provide that each post office facility identify which is the "primary craft" for

the performance of each assignment at the facility.  At the date of its signing, all

---

[2] Mail Transportation Equipment consists of, among other things, "flat tubs" for carrying flat mail, and plastic and cardboard trays for carrying letter-sized mail.

[3] The term "craft" refers to a particular category of unionized worker, with the categorization based on job function.  Trenton Metropolitan Area Local of the American Postal Workers Union, AFL-CIO v. USPS, 636 F.3d 45, 48, n.2 (3rd Cir. 2011).

jurisdictional work assignments were "deemed as a proper work assignment for that facility."  Those undisputed work assignments were then to be listed in inventories or work assignments maintained at the local level.  See Trenton Metropolitan Area Local of the American Postal Workers Union, AFL-CIO v. USPS, 636 F.3d 45, 47 (3rd Cir. 2011). The RI 399 further provides that "assignment of new or additional work, not previously existing in the installation, shall be made in accordance with the primary craft designations contained in this instruction."  See Exh. 1 at 2.

A 1992 Memorandum of Understanding ("MOU"), executed April 29, 1992, attached to the Complaint as Exhibit A, was agreed to by the USPS and the two unions.  It provides for the formation of Dispute Resolution Committees at the local, regional and national levels, for the purpose of resolving jurisdictional disputes.  Complaint, Exhibit A at 1.  The MOU provides that "all local craft jurisdictional assignments which are not already the subject of a pending locally initiated grievance will be deemed as a proper assignment for that facility."  In 1994, a "Tripartite Agreement" between the USPS and the two unions agreed that inventories would be prepared for each facility that would reflect "which craft was performing each operation within the facility as of April 29, 1992."  Exhibit 2 to this Memorandum.  "An inventory items for which exceptions have not been provided as of June 1, 1994, will be considered not in dispute, and will be deemed as proper assignments for that facility."  Id. at 2.  "New work", that is, work that has "not previously existed in the installation", if a work assignment is disputed by the other union, it is to be resolved through a dispute resolution committee ("LDRC") at the

4

local level.  Exhibit A at 7.   When the dispute is resolved, "the jurisdictional work

assignment shall be added to the local inventory of agreed upon craft assignments."  Exh.

A at 7.

## THE PLEADINGS DO NOT ESTABLISH A DISPUTE REQUIRED TO BE RESOLVED BY A LOCAL DISPUTE RESOLUTION COMMITTEE

The pleadings cannot establish that the Mailhandlers are entitled to the relief

sought for two reasons:  the pleadings do not establish that the Mailhandlers are employed

at the named local post offices whereas the RI-399 and the Agreements regarding

resolution of jurisdictional disputes by the LDRC's are applicable only to facilities where

members of both unions are employed.  Moreover, the pleadings do not establish that the

processing of empty mail equipment at the local post offices in question is "new work,"

the requirement for jurisdictional challenge to an LDRC.

### (1.)  The Pleadings Do Not Establish that the LDRC Process is Applicable to a Facility Where the Mailhanders are Not Employed.

The RI-399 and Agreements provide for resolution of jurisdictional disputes

between the two unions employed at the same facility.  The RI-399 provides, as noted,

that each post office facility identify which employees of which union perform which

tasks and designate these work assignments at the facility to a "primary craft" on an

inventory.  See Exh. 1.  The documents require a local inventory to be prepared of proper

assignments to each union at each facility, which assignments will be deemed

permanently appropriate if not in dispute in 1994.  Thereafter, disputes regarding work

assignments are to be resolved through a local LDRC (Local Dispute Resolution) committee, which is a committee made up of one representative of each union and a representative of USPS management.

The Complaint does not establish that Mailhandlers are employed at the local post offices named in the Complaint. Nor does the Complaint allege that there is a LDRC to which the matter can be referred. The Complaint alleges that "Postal Service officials have claimed that, because the 15 installations in question have no . . . [Mailhandlers] working in them, that the Postal Service is not compelled to take part in the Local Dispute Resolution Committee process." Complaint ¶ 20. This allegation, which the Answer admits, does not establish that there are Mailhandlers at the local facilities, and, indeed, indicates to the contrary. No allegation in the Complaint establishes that there are Mailhandlers performing work at the local facilities named.[4] There are no allegations that inventories of work assignments have been prepared at these post offices and no allegations that LDRC's have been formed, both requirements at installations where both unions are employed, but not otherwise. Accordingly, the LDRC process, which was developed to provide jurisdictional dispute resolution between the two unions "within the facility" cannot be mandated pursuant to the pleadings.[5]

---

[4] In fact, the grievance that is the genesis of this Complaint states, "in light of the fact that there are currently no mailhandlers at the Waterville Post Office, management is in violation of Article 7.2 of the National Agreement." Exh. 3 at 2.

[5] The Mailhandlers set forth Trenton Metropolitan Area Local of American Postal workers Union, AFL-CIO v. USPS, as "strikingly similar" to the substance of this case. The Court of Appeals for the Third Circuit held that the LDRC, convened pursuant to the Guidelines

### (2.)  The Pleadings Do Not Establish "New Work."

The Complaint alleges that the processing of empty mail equipment at the local

post offices in question constitutes "New Work" for those facilities, thereby requiring

jurisdictional dispute resolution by a LDRC.  Complaint ¶ 19.  As noted, the term "New

Work" in the RI-399 and the agreements refers to work "not previously existing in the

installation, . . . ."  Exh. 1 at 2.  In this context, "new work" is work not previously on the

inventory of tasks and union assignments, inventories prepared only at local facilities

where both unions are employed.  The Complaint does not allege that those prerequisites

exist.  Moreover, the Answer denies the Complaint's allegation that the processing of

empty mail equipment is "new work."  The Answer also denies the Complaint's

allegations that "the processing of empty mail equipment has historically been a function

assigned to NPMHU members," Complaint ¶ 15, and that "the Postal Service has effected

numerous work assignment changes regarding the processing of empty mail equipment at

installations throughout the State of Maine," Complaint ¶ 16.[6]  Accordingly, the pleadings

cannot establish that processing of empty mail equipment is "new work" contemplated by

the RI-399 and Agreements, and therefore, cannot establish a jurisdictional dispute for

---

and Agreements cited in this action, was required to consider the "jurisdictional dispute" at a
facility regarding which union was entitled to operate an automatic sorting machine.  However,
the facility involved in that case employed both the Mailhandlers and the Clerks, so, as the Court
of Appeals held, the LDRC framework was properly applied.

[6] The Answer also denies the allegation that "these changes have transferred the
processing of empty mail equipment from larger installations, . . . to small Installations in 15
locations . . . ."  Complaint ¶ 17.

7

resolution by an LDRC.

## CONCLUSION

For the foregoing reasons, the USPS requests that this Court deny the Motion for

Judgment on the Pleadings.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:      */s/ Anita Johnson*
         Anita Johnson
         Assistant United States Attorney
         United States Attorney's Office
         One Courthouse Way, Suite 9200
         Boston, MA  02210
         Tel:  (617) 748-3266
         Fax:  (617) 748-3969

Of Counsel:

Mark T. Corbly
United States Postal Service
8 Griffin Road North
Windsor, CT 06006-0170

Certificate of Service

I hereby certify that the foregoing document will be filed through the ECF system,
which will serve counsel for Plaintiff electronically, on this twentieth day of May 2011.

*/s/ Anita Johnson*