**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| National Postal Mailhandlers' Union, ) | Leave to file granted on June 27, 2011 |
| Local 301, AFL-CIO ) | |
| ) | C.A. No. 1:10-cv-11276-DJC |
| Petitioner ) | |
| vs. ) | |
| ) | |
| United States Postal Service ) | |
| ) | |
| Respondents ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

At the close of the hearing on the Motion for Judgment on the Pleadings the Court requested the Postal Service to identify in a Supplemental Memorandum portions of the contractual documents that related to the issues raised in the hearing. Subsequently Plaintiff, Local 301 requested and was granted leave to submit a Supplemental Memorandum as well.

One of the issues raised at the hearing was the undisputed fact that inventories called for in the Dispute Resolution MOU, Complaint Ex. A at 2 of 8,[1] had not been prepared at the Maine facilities where the disputed work was being performed.

The Postal Service argued at the hearing that the absence of inventories at the facilities in question rendered the dispute not subject to the Dispute Resolution Procedure. Local 301 directs the Court's attention to the following language contained in

---

[1] "Each party at the Local level will be responsible for maintaining an inventory of jurisdictional assignments not in dispute. As jurisdictional disputes are resolved under this procedure, the results shall be added to the inventory."

the March 1994 Tripartite Agreement on RI-399 Inventories attached to the Postal Service's Opposition as Ex. 2:

> 2. In those facilities for which inventories have not been completed, the postal service representative on the LDRC or his designee must complete the inventory no later than April 22, 1994. Those inventories will reflect which craft was performing each operation within the facility as of April 29, 1992.

Document 21-1 at 7 of 8.

The Tripartite Agreement goes on to require that the inventories generated by the Postal Service representative will be subsequently circulated to representatives of both Unions for the purpose of determining whether pending disputes existed or not. The value of the inventory to the Postal Service is that work assignments listed on the inventory, unless challenged at the time of the inventory, are "considered not in dispute, and will be deemed as proper assignments for that facility". Id at ¶ 7, 8 of 8.

The Tripartite Agreement on RI-399 Inventories squarely placed the burden of creating inventories on the Postal Service. The Postal Service should be estopped from arguing that the absence of a written inventory at any of the facilities in question renders the dispute not subject to the RI-399 Dispute Resolution Procedures.

                                          Respectfully Submitted,

                                          NATIONAL POSTAL
                                          MAILHANDLERS' UNION,
                                          LOCAL 301, AFL-CIO

                                          By its attorneys,

                                          /s/ Paul F. Kelly_____
                                          Paul F. Kelly, BBO #267000
                                          Louis A. Mandarini BBO #669293
                                          Segal Roitman, LLP
                                          111 Devonshire Street, 5th Floor
                                          Boston, MA 02109
                                          (617) 742-0208, Ext. 253
                                          lmandarini@segalroitman.com

Dated: June 29, 2011

## **CERTIFICATE OF SERVICE**

       This is to certify that a copy of the above Supplemental Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 29th day of June, 2011.

                                              /s/ Paul F. Kelly
                                              Paul F. Kelly, Esquire